## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

MARY JO'EL STURM, O.D., DAWN )
HOLSTED, O.D., JARED C. FREEMAN, )
O.D., STEPHANIE GOINS, AND )
STEPHANIE SOLES STROJNY, )
                           )
           Plaintiffs, )
                           )
vs. )     Case No. CIV-12-1158-M
                           )
TLC VISION (USA) CORPORATION )
AND TLC HOLDINGS, INC., )
                           )
          Defendants. )

## <u>ORDER</u>

Before the Court is Defendants' Motion to Dismiss or in the Alternative Transfer, filed November 6, 2012. Plaintiffs' response was filed on November 27, 2012. Based upon the parties' submissions, the Court makes its determination.

I.    <u>Introduction</u>

This case was removed by TLC Vison (USA) Corporation and TLC Holdings, Inc., ("defendants") to this Court on October 22, 2012 from the District Court of Oklahoma County, Case No. CJ-2012-6642. Prior to the filing of this case, defendants filed an action in the United States District Court Eastern District of Missouri Eastern Division Case No. 4:12-cv-01855-ERW seeking a temporary, preliminary and permanent injunction enjoining plaintiffs in this case from certain activities which defendants allege violate the same employment agreements at issue in the instant case. On October 24, 2012, the Missouri Court granted defendants' motion for a temporary restraining order as to 4 of the 5 plaintiffs, as well as all other persons involved, finding Missouri Law governs. The Missouri Court also set a preliminary injunction hearing. Defendants now seek

dismissal, or alternatively transfer, of this case back to the Eastern District of Missouri where their claims are pending.

II.    Discussion

The instant case was filed on October 19, 2012, in the District Court of Oklahoma County, Oklahoma.  On or about October 15, 2012, defendants commenced a lawsuit in the United States District Court for the Eastern District of Missouri.  Defendants sued plaintiffs as well as Njoy Vision, LLC, the employer of four of the plaintiffs.  The primary basis for defendants' Missouri lawsuit is plaintiffs' executed non-competition and non-solicitation agreements.  The same agreements are the basis for the instant lawsuit filed four days after defendants' Missouri lawsuit. Defendants contend it would be a waste of time, energy and money to litigate both lawsuits. Defendants also contend pursuant to the first filed case rule, this case should be heard in Missouri, not Oklahoma.  *See Cessna Aircraft Co. v. Brown,* 348 F.2d 689, 692 (10th Cir. 1965).

Plaintiffs contend venue is proper in this Court because a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in this District.  Specifically, plaintiffs contend defendants seek to enforce certain non-competition and non-solicitation agreement provisions in Oklahoma City and Tulsa, Oklahoma.  Plaintiffs also assert they have requested declaratory judgment in this action to halt the enforcement of those provisions.  On January 8, 2013, this Court denied plaintiffs' motion for temporary restraining order and temporary and permanent injunction.

Plaintiffs also contend the first-to-file rule should not be applied in this case.  This "[C]ourt need not consider plaintiff's argument at this juncture, however,  since case law clearly indicates that 'the court in which the first-filed case was brought decides the question of whether or not the first-filed rule, or alternatively, an exception to the first-filed rule, applies." *Purnell v. Amerisure Mutual*

*Ins. Co*, CIV-08-729 2009 WL 223406, *2 (W.D. Okla., January 29, 2009) (internal citations omitted).

Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).  "The purpose of § 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Jacobs v. Lancaster*, 526 F. Supp. 767, 769 (W.D. Okla. 1981) (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964); *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19 (1960)).

"The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).  A district court has discretion to adjudicate motions to transfer based upon an "individualized, case-by-case consideration of convenience and fairness." *Id.* at 1516 (internal quotations and citations omitted).  "Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Chicago, Rock Island and Pacific R.R. Co. v. Hugh Breeding, Inc.*, 232 F.2d 584, 587 (10th Cir. 1956) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1957)).  "However, this factor has reduced value where there is an absence of any significant contact by the forum state with the transactions or conduct underlying the cause of action." *Roc, Inc. v. Progress Drillers, Inc.*, 481 F. Supp. 147, 151 (W.D. Okla. 1979).  *See also Jacobs*, 526 F. Supp. at 769.

Having carefully reviewed the parties' submissions, the Court finds the convenience of the parties, the convenience of the witnesses, and the interest of justice weigh strongly in favor of

Missouri.  Specifically, the Court finds it remains uncontested that the Eastern District of Missouri has granted defendants' motion for temporary restraining order as to plaintiffs Freeman, Sturm, Goins and Soles on October 24, 2012, finding that Missouri law governed the agreements and that the proper forum in which to resolve this dispute is Missouri.  Because these preliminary issues have been decided by the Eastern District of Missouri and there is an ongoing lawsuit involving the same parties and issues in another jurisdiction, defendants' motion transfer should be granted.

III.    Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss or in the Alternative Transfer [docket no. 7] and TRANSFERS this action to the United States District Court for the Eastern District of Missouri.

**IT IS SO ORDERED this 8th day of March, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE